**Chester FINNEY and Freddie Miller, Appellants,**

v.

**Frank MILLER et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 17, 1954.

Chenault & Coy, Richmond, for appellants.

John W. Walker, Irvine, for appellees.

CLAY, Commissioner.

This action was instituted by appellees, Frank Miller and his son, Francis G. Miller, against appellants, Chester Finney and Freddie Miller, to cancel a written contract the parties had entered into on December 22, 1952, whereby they associated themselves together in a joint venture for the

purpose of constructing and operating a television transmission system in the town of Irvine. Appellees also sought to recover $10,000 damages for breach of the contract by appellants and to obtain an accounting from them. The answer admitted the making of the contract but denied appellants had breached it, and by way of counter-claim sought to recover $10,000 damages for appellee's breach thereof.

The case was tried before the court without a jury and he found appellants had "substantially" stopped work on the system before it was completed and he cancelled the contract and gave each party thereto the equipment each had furnished. On the accounting he allowed appellees to recover $208 and an additional $221 due the federal government in taxes which would be a lien upon appellees' property; but the court allowed neither party to recover damages.

In seeking to reverse the judgment appellants insist: 1. there was no proof that they stopped work; 2. that appellees abandoned the contract; 3. there was no basis for forfeiture of appellants' property; 4, the accounting was erroneous.

The purpose of the agreement was to cover the construction of a central antenna for the reception of television signals, connected with a cable lead which was to run on certain streets in Irvine on utility poles. From this cable lead taps could be made with a smaller cable and run into houses of various customers and connect with their television sets.

Irvine is so situated geographically that it is impractical to obtain satisfactory television reception by the use of standard household antenna, both because of its distance from the sending stations in Louisville and Cincinnati, and due to the surrounding hills and river.

Chester Finney, a graduate of a television school, conceived the idea of a community television reception system and with the help of Freddie Miller constructed a 100 foot tower, complete with necessary antenna on a hill near Irvine, from which appellants ran a cable to the foot of the hill, a distance of 3,000 feet, and hooked on a few customers. These customers received satisfactory service. At this point appellants exhausted their capital and entered into the contract with appellees who owned an electrical appliance store and sold television sets in Irvine.

Under the terms of the contract appellees paid appellants $500 cash and appellants agreed to construct, maintain and repair the television system in Irvine and were to have sole title to same. Appellants were not to sell television sets but were to service those sold by appellees, who in turn agreed not to service the sets. Appellants were not to connect any sets on the line for less than $100 per set, all of which went to appellees, who were to have the privilege of connecting free of charge all sets sold by them. The parties were to divide the money rentals, according to percentages set out in the contract the first five years, after which all rentals were to go to appellants. If after finishing the line through the business district of Irvine the operation was not satisfactory, appellees had the right to withdraw from the contract, in which event appellants had the privilege of substituting a third party in place of appellees on condition appellees were reimbursed for the money invested in the project up to that time.

A controversy arose between the parties as to whether it was necessary for appellees to expend a large sum of money to install certain amplifiers to make the system work, and as to whether appellants wrongfully stopped work on the system. Thereupon appellees erected their own system and instituted this action.

The findings of fact made by the court are in favor of appellees on the question of whether they should have installed the amplifying equipment. Likewise, they were in favor of appellees on whether appellants wrongfully stopped work on the system. This is purely a fact case involving many items of equipment and a general accounting between the parties. It would be of no benefit to the parties, and certainly

none to the profession, should we attempt to review this rather voluminous record in the opinion. It is provided in C.R. 52.01 that in all actions tried upon facts without a jury the "Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses". An examination of this record convinces us that the findings of fact of the trial judge are correct, and certainly it cannot be said they are "clearly erroneous".

The judgment is affirmed.